United States District Court for
the 7th
District of
Western district of Wisconsin
File Number 14-cv-861-wmc

| PATRICIA A WESTMORE and DWIGHT R. WESTMORE, Plaintiff  v.  DAVID HYDE, CALLAE K. HYDE, SHERIFF MICHAEL BRENNAN, DEPUTY TERRI L. PROVOST, and ASHLAND COUNTY, WISCONSIN, Defendant | Notice of Appeal |
|---|---|

Notice is hereby given that PATRICIA A WESTMORE and DWIGHT R. WESTMORE, Plaintiff

v.

DAVID HYDE, CALLAE K. HYDE, SHERIFF MICHAEL BRENNAN, DEPUTY TERRI L. PROVOST, and ASHLAND COUNTY, WISCONSIN, Defendants in the above named case,* hereby appeal to the United States Court of Appeals for the 7th Circuit ORDER

IT IS ORDERED that:
1) Plaintiffs' motion to alter or amend final judgment or for a new trial (dkt. #154) is DENIED.
2) Plaintiffs' motion to stay execution of the judgment (dkt. #151) is DENIED as moot.
3) Defendants' Bill of Costs (dkt. #148) is GRANTED in the amount of $4,666.16.
Entered this 21st day of September, 2017.
BY THE COURT:
/s/

---

* See Rule 3(c) for permissible ways of identifying appellants.

_____
WILLIAM M. CONLEY
District Judge

**Appealing on:**

**I. Lack of Authority and No Warrent**
There was a complete lack of authority of the husband David Hyde to act in any official capacity in the search or seizure, regardless of the oral approval of his wife who was the Humane Officer for Ashland County and traveling out of the State of Wisconsin for several weeks. David Hyde was not licensed by the State of Wisconsin, and not hired as a Humane Officer by Ashland County. When asked for a warrant Terri Provost, Ashland County Sheriff Deputy stated that they did not need one. Deputy Provost had never read the Chapter 173 until after the search and seizure and was only present to keep the peace.

**Due Process:**
**I.** No prior due process was allowed for any of the 4 seized horses or the euthanization of Mammoth Donkey, Jethro.

From an order:
**II. Due Process**
Plaintiffs also move for reconsideration of the court's grant of summary judgment on their claim that defendants denied them due process before seizing and euthanizing their donkey. As already explained, a party "must clearly establish either a manifest error of law or fact or present newly discovered evidence" to prevail on a Rule 59(e) motion.[5]
*LB Credit Corp. v. Resolution Tr. Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (citation omitted). Furthermore, the Seventh Circuit has made clear that Rule 59(e) motions "are not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier." *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012)
(internal quotation mark and citation omitted).
Plaintiffs' motion identifies no arguments or facts that the court overlooked on summary judgment, nor any newly-discovered evidence that could not have been presented at summary judgment. Instead, the motion is comprised entirely of arguments that plaintiff failed to make at summary judgment, and although plaintiffs cite trial testimony from the two veterinarians who recommended euthanasia of their donkey as

"new evidence," any new facts regarding the circumstances of the seizure and euthanasia of plaintiffs' donkey that are arguably contained in their testimony: (1) could have been presented at summary judgment, (2) were not in dispute at summary judgment, and (3) were viewed in the light most favorable to plaintiffs at summary judgment.

Even if the court were to consider the veterinarians' trial testimony and plaintiffs' belated arguments, they would still fail to establish that plaintiffs were entitled to some additional, pre-deprivation process. Put differently, the law does not clearly establish [5] Plaintiffs purport to move for a "new trial" on their due process claim under Rule 59(a), but that

rule does not provide an avenue to challenge the court's summary judgment decision. *See Goldberg v. 401 N. Wabash Venture LLC*, No 09 C 6455, 2013 WL 4506004, at *24 (N.D. Ill. Aug. 23, 2013) ("Rule 59(a) is not the appropriate mechanism for addressing a summary judgment ruling.") (collecting cases). Regardless, plaintiffs' Rule 59(e) motion was filed timely after entry of final judgment, and so the court will consider their arguments under that standard.

13

plaintiffs' entitlement to something more than a contemporaneous opportunity to object to the independent veterinarians' expert recommendations for euthanasia because an animal is unduly suffering from a condition that cannot be addressed by medical intervention. (*See* Summ. J. Op. (dkt. #93) 25-27.) Regardless, since there was no evidence that two, independent veterinarians made anything but the humane choice, the named defendants were *at least* entitled to qualified immunity in relying on the consensus medical judgment of two qualified veterinarians. Thus, having failed to demonstrate that reconsideration is appropriate, plaintiffs' Rule 59(e) motion must also be denied.

ORDER

IT IS ORDERED that:

1) Plaintiffs' motion to alter or amend final judgment or for a new trial (dkt. #154) is DENIED.
2) Plaintiffs' motion to stay execution of the judgment (dkt. #151) is DENIED as moot.
3) Defendants' Bill of Costs (dkt. #148) is GRANTED in the amount of $4,666.16.

Entered this 21st day of September, 2017.

BY THE entered in this action on the 2nd day of October, 2017.

**Plaintiffs**: **Additional Information:** Jethro, a Mammoth Donkey considered an endangered breed, was seen by Veterinarian Alena Baum on December 20th, 2013 along with her Vet Technician husband, and prescribed medication of Uniprim an Antibiotic through the 28th of December 2013 for a diagnosis of frostbite. The Uniprim was started on December 21st due to Penicillin being administered on the 20th. The Penicillin was to guard against Pneumonia which could set in if not on medication. He was put down before he completed his prescribed medication by two outside vets with Dr. Baum never contacted. He was not dangerous.

**There is a precedent set in the above decision:** One vet can treat a patient and the county can come in with two vets with a different opinion and put down one's animal against the owner's wishes without ever contacting the vet treating the patient. This animal was not dangerous, simply suffering from frostbite. He walked two days previous to being put down for two hours eating his hay. He was in recovery.

The government should only be involved in euthanizing your pet if they are dangerous. There was no hearing. There was plenty of time to get a warrant and time for a hearing. Neither occurred.

Exhibit A:




In Summary:

David Hyde was not certified by the state or hired by Ashland County as Humane Officer, so had no official capacity to carry out the warrantless seizure and search. Deputy Provost was only present to keep the peace, she had never read Chapter 173. No pre-deprivation of property occurred. The search occurred within the curtilage of the property. The treating vet for Jethro was never contacted. The government should not be involved in euthanizing

an animal who is not dangerous and is being treated by a veterinarian. The bill of costs for Ashland County should be denied and compensation for Jethro and damage to our reputation should be awarded along with all our attorney's fees and years of seeking justice and pain and suffering over the loss and seizure.
According to:
Constitution of United States of America 1789 (rev. 1992)



The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

(s) Patricia A Westmore, Plaintiff, Attorney for the Plaintiffs
Address: 17698 Griffith Rd. Butternut, WI 54514
Email: pat@bearchaseranch.com

Please note: Our Attorney Glenn Stoddard died of Non-Hodgkin's Lymphoma in June of 2017 before the Order was denied.